## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **Jesse Baker** | : CIVIL ACTION |
| | : No. 02-5313 |
| v. | : |
| | : |
| **Sgt. Olley Wilson; Deputy Prudish;** | : |
| **Sgt. Joe White; Entire Bucks County** | : |
| **Sheriff's Department** | : |

### ORDER

AND NOW, this _____ day of _____, 2004, after consideration of Defendants' Motion to Dismiss and any responses thereto, it is hereby ORDERED and DECREED that Plaintiff's Complaint is dismissed.

BY THE COURT:

_____
J.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **Jesse Baker** | : CIVIL ACTION |
| | : No. 02-5313 |
| v. | : |
| | : |
| **Sgt. Olley Wilson; Deputy Prudish**; | : |
| **Sgt. Joe White; Entire Bucks County** | : |
| **Sheriff's Department** | : |

**DEFENDANTS' MOTION TO DISMISS**
**PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**

TO THE HONORABLE, THE JUDGE OF THE SAID COURT:

Defendants, Sgt. Olley Wilson, Deputy Prudish, Sgt. Joe White and the Bucks County Sheriff's Department, moves this Honorable Court to dismiss Plaintiff's Complaint filed in this matter and sets forth the following reasons:

1. Plaintiff in this cause of action filed a "pro se" Complaint on July 24, 2002.

2. Plaintiff's summons was served by the U.S. Marshal's office upon Deputy Prudish, White and Wilson on August 10, 2004.

3. Plaintiff's Complaint alleges that on or about July 11, 2002, at around 12:00 noon, the Plaintiff was, for lack of a better description, allegedly roughed up in the holding cell in the Bucks County Courthouse.

4. Plaintiff's Complaint, in the narrative, names, apparently, several different deputies in the Sheriff's Department and notes in Part II as to the parties, "six ft. plus younger deputy - can identify by looks - don't know name "John Doe" and all supervisors and Chief's in Charge Sheriff's Department" as Defendants.

5. The specific Defendants named include a Sgt. White who is noted in a Statement of Claim as doing nothing more than being advised as to what the Plaintiff alleged took place and telling the Plaintiff that he, Sgt. White, would summon Sgt. Olley Wilson.

6. Sgt. Wilson is noted in the narrative as refusing to assist the Plaintiff who was complaining about being shackled.

7. On page 1 and 2 of the narrative statement, Officer "Prudish" told him to come out of the cell and put shackles and cuffs and a shackle belt on the Plaintiff so he could be seen by the deputies.

8. According to Plaintiff's Statement of Claim, this whole incident commenced when he was smoking a cigarette in the holding cell in the Bucks County Sheriff's Office when, "came across some tobacco, so I smoked a ciggerette".

9. The Plaintiff's Complaint appears to state that he was subject to cruel and unusual punishment and did not receive proper medical treatment.

10. The Plaintiff's Complaint notes, further, requests "restraining orders on all 6-2 officers who worked this day, except Jane White, Nadine and Ms. Ohio (or Idaho). None of them were involved."

11. It is submitted on Plaintiff's Complaint, Plaintiff has failed to state a claim upon which relief can be granted.

WHEREFORE, it is respectfully requested that this Honorable Court dismiss Plaintiff's Complaint for failure to state a claim upon which relief can be granted.

**Begley, Carlin & Mandio, LLP**

By:_____
**James A. Downey, III, Esquire**
Attorney I.D. #17533
Signature Validation Code: JD1278
680 Middletown Boulevard, 3rd Floor
P.O. Box 308
Langhorne, PA 19047
(215) 750-0110
*Attorney for Defendants*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **Jesse Baker** | : CIVIL ACTION |
| | : No. 02-5313 |
| v. | : |
| | : |
| **Sgt. Olley Wilson; Deputy Prudish**; | : |
| **Sgt. Joe White; Entire Bucks County** | : |
| **Sheriff's Department** | : |

## MEMORANDUM OF LAW

### I. HISTORY OF THE CASE

    A. Factual

Plaintiff's Complaint alleges a violation of his civil rights against several members of the Bucks County Sheriff's Department and, "the entire Bucks County Sheriff's Department". The incident said to have occurred in what appears to be the holding cell area of the Sheriff's Department in the Bucks County Courthouse, on July 11, 2002. Plaintiff, apparently, by his own statements, smoked a cigarette in the Sheriff's area. He was told to come out of the cell in which he was detained so that he could be put in shackles and cuffs and watched.

It is noted in the Complaint that there was apparently some kind of confrontation with brushing and what have you and Plaintiff was, according to his Complaint, pushed down on a bench, causing his colostomy bag to break.

During the course of the cuffing, the Plaintiff alleges, in so many words, that he was roughed up and threatened with bodily harm. The Plaintiff alleges that his wrists were losing circulation and he felt as if they were broken. In addition to the physical injury, the Plaintiff notes that he had a crucifix taken from him by the Deputies. The crucifix was important to him as it had been given to him by his father.

While the Plaintiff, in his Pro Se Complaint alleges certain individuals having violated his rights, it is submitted in the narrative it is not apparent, at all, what alleged violations took place. On page 4 of the narrative, one of the named Defendants, a Sgt. Joe White, is noted to have performed nothing more than to come to the Plaintiff and told by the Plaintiff what happened and advised the Plaintiff that he would summon Sgt. Wilson.

Sgt. Wilson is alleged, in the narrative of the Complaint, that he didn't do anything and asked "over and over for medical attention." It is alleged that Sgt. Wilson, "was in cahoonce with his deputies."

As to the other named Defendant, Officer Prudish, he is alleged, on pages 1 and 2 of the narrative, to ordering the Plaintiff out of the cell and telling him that he would have put shackles and cuffs on him.

The other Defendant, the Entire Bucks County Sheriff's Department, is noted in the prayer for relief with the exceptions noted in the Defendants' Motion.

As to the injuries sustained, the Plaintiff alleges on page 5 of his narrative, that when he got back to Graterford, he saw the medical nurse immediately and they took photos. The Plaintiff alleges in his Complaint, written on July 12, 2002, that he can't move his wrist and his whole right hand is sore.

### B. Procedural

Plaintiff's Complaint was filed on July 24, 2002 and served on the Sheriff's Office and the named Defendants on August 10, 2004. In response to Plaintiff's Complaint, Defendants filed a Motion to Dismiss under and pursuant to Federal Rule of Civil Procedure 12(b)(6).

## II. QUESTION BEFORE THE COURT

Whether Plaintiff's Complaint should be dismissed for failure to state a claim upon which relief can be granted?

## III. DISCUSSION OF THE LAW

To maintain a cause of action for a violation of 42 U.S.C. § 1983, Plaintiff must first allege that the Defendants' acted under color of state law when the deprived him of a constitutional or statutory right. _West v. Atkins_, 487 U.S. 42, 48 (1988); _Howard v. Pine Forge Academy_, 678 F. Supp. 1120, 1122 (E.D. Pa. 1987).

The issue to be determined is whether Plaintiff sufficiently alleges a deprivation of any rights secured by the Constitution. _Baker v. McCollan_, 443 U.S. 137, 140 (1979); _D. R. v. Middle Bucks Area Vocational Technical School_, 972 F. 2d. 1364, 1367 (3d Cir. 19920. Section 1983 "'is not itself a source of substantive rights but, merely provides a "method for vindicating federal rights elsewhere conferred."' _Graham v. Connor_, 490 U.S. 386, 394 (1989).

The Plaintiff in this case alleges that his constitutional rights to be free of cruel and unusual punishment and, for appropriate medical treatment, were violated by the Defendants' actions. The allegations purport to set forth a claim for violation of rights clearly contemplated by Section 1983; it is submitted to this Court, that no cause of action has been stated.

Further, it is acknowledged that this Court is instructed to construe Complaints of "pro se" Plaintiffs liberally and, such Plaintiffs are to be held to a less stringent pleading standard. See, _Estelle v. Gamble_, 429 U.S. 97, 106, 97 S. Ct. 285, 292 (1976).

First, it is submitted that the Sheriff's Department is not a proper entity for suit under Section 1983. See, *Bonenberger v. Plymouth Township*, 132 F. 3d. 20, 26 n. 4 (3d Cir. 1997); *Irvin v. Borough of Darby*, 937 F. Supp. 446, 450 (E.D. Pa. 1996).

As to the other Defendants, Sgt. Wilson, Deputy Prudish and Sgt. White, it is submitted that Defendants' Motion, while testing the legal sufficiency of the claim, excepts the veracity of the claim and its allegations. See, *Markowitz v. Northeast Land Co.*, 906 F. 2d. 100, 103 (3d Cir. 1990). The claim, though, may be dismissed when the fact alleged and the reasonable inferences therefrom are legally insufficient to support the relief sought. See, *Pennsylvania Ex Rel. Zimmerman v. Pepsi Co., Inc.*, 836 F. 2d. 173, 179 (3d Cir. 1988).

Plaintiff's Complaint seems to allege that officers roughed him up and shackled or cuffed him in a far too gruff fashion causing injuries to Plaintiff's wrists. In addition, it is alleged that they took from him a cross.

In the course of Plaintiff's Complaint with its allegations of the above-noted activities, he named several individuals. First is Sgt. White. Factually speaking, as set forth in Plaintiff's narrative, Plaintiff apparently complained to Sgt. White who then said he would summon Sgt. Olley Wilson. Sgt. White is alleged to have done no more than listen to what the Plaintiff said.

Sgt. Wilson apparently responded to Plaintiff but, as Plaintiff colorfully described, didn't do anything. Plaintiff makes general allegations that he was refused medical attention but, doesn't say to whom he made the Complaints; Plaintiff makes general allegations that he was roughed up and shackled and cuffed in a very rough fashion but, doesn't say who did it.

It is submitted to this Honorable Court that Plaintiff's lack of specificity makes it difficult, at best, to respond to Plaintiff's Complaint. It is submitted that there are grossly insufficient facts and the matter can be dismissed as a matter of law against Sgt. White and Sgt. Wilson. As to the other individual deputies named, an Officer "Prudish", noted on page 1 of the Statement of Claim, it appears that all Officer Prudish did was order the Plaintiff out of the cell and told the Plaintiff that they would put the Plaintiff in shackles and cuffs with a shackle belt and to cuff him on a bench where he could be observed.

Arguably, that might be considered cruel and unusual punishment. It is submitted that this allegation should be taken in the context of the prison setting as opposed to arrest and seizure with an exercise of force that may have been objectively unreasonable. If the Court chooses to consider this a seizure with an exercise of force, the restraint taken was apparently in response to the actions of the Plaintiff. The Plaintiff was apparently smoking cigarettes in the County holding cell and then refused to move when he was told that he had to move to be watched. There was, according to

Plaintiff's Complaint, some sort of "brushing" or some sort of "confrontation" when he was attempting to be cuffed and shackled.

In a claim for violation of Eighth Amendment Rights to be free from cruel and unusual punishment, a prisoner can make a claim as he is protected from the use of excessive force. See, <u>Whitley v. Albers</u>, 475 U.S. 312 (1986).

Only the "unnecessary and wanton infliction of pain" constitutes cruel and unusual punishment forbidden by the Eighth Amendment. See, <u>Whitley v. Albers</u>, 475 U.S. at 319. Whenever an inmate accuses prison officials of using excessive force in violation of the Cruel and Unusual Punishments Clause the Court must determine, "whether the force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." <u>Whitley v. Albers</u>, 475 U.S. 320-321.

Pennsylvania Law permits the use of force by officers as corrections officers. 18 Pa. C.S.A. § 509(5) reads as follows:

> The use of force upon or toward the person of another is justifiable....
>
> The actor is a warden or other authorized official of a correctional institution; and,
>
> (i) he believes the use of force is necessary for the purpose of enforcing the lawful rules or procedures of the institution unless his belief in the lawfulness of the rule of procedure sought to be enforced as erroneous and his error is due to ignorance or mistake as to the provisions of this title, and any other provision of the criminal law or the law governing the administration of the institution;
>
> (ii) the nature or degree of force is not forbidden by a law, and,
>
> (iii) if the use of deadly force is used, its use is otherwise justifiable under this chapter.

Deadly force was not used in this case so, that section is, obviously, not applicable.

It is submitted to this Honorable Court there is no question of fact that force was used. It is whether, as alleged in Plaintiff's Complaint, the use of force is set forth clearly so overbearing as to go beyond the force necessary to enforce regulations and procedures. Such a use of force to enforce regulations and procedures is authorized. See, <u>Williams v. Mussomelli</u>, 722 F. 2d. 1130, 1133 (3d Cir. 1983).

The Supreme Court of the United States has held in <u>Hudson v. McMillian</u> that the Eighth Amendment's prohibition of cruel and unusual punishment necessarily excludes from constitutional recognition "de minimus" uses of physical force provided that the use of physical force is not of a sort "repugnant to the conscience of mankind." See, <u>Hudson v. McMillian</u>, 530 U.S. 1, 10 (1992).

It is submitted to this Honorable Court that Plaintiff's Complaint does not state a claim, as a matter of law, that use of force or any injuries sustained would be considered force of a type that is "repugnant to the conscience of mankind."

The Courts have looked to several factors in determining whether excessive force was used by a corrections officer (in this case, it would be a member of the Sheriff's Department in the holding cell area of the Bucks County.) The Courts looked at several factors, including: (1) the need for application of force; (2) the relationship between the need and the amount of force that was used; (3) the extent of injury inflicted; (4) the extent of the threat to the safety of staff and inmates, as reasonably perceived by responsible officials on the basis of the facts known to them; and, (5) any efforts made to temper the severity of a forceful response. See, <u>Whitley v. Albers</u>, 475 U.S. at 321 (1986).

In the Complaint set forth by the Plaintiff, it appears that he was using tobacco in violation of the rules. He was asked to step out of his cell so he could be watched and, apparently, some sort of confrontation ensued at which time, the Plaintiff was shackled. The Plaintiff noted that he was seen by the nurse at the Correctional Institution at Graterford and complained as of the time of his writing of the complaint, the next day, he couldn't move his wrist and his right hand was sore. It is submitted that this kind of injury doesn't amount to what could be legally determined as being cruel and unusual.

In addition, the Plaintiff seems to allege some sort of failure to provide medical treatment. It is submitted that the Plaintiff must show that in order to establish improper medical treatment during incarceration to establish an Eighth Amendment claim, he must present facts or omissions sufficiently harmful so as to evidence deliberate indifference to his medical needs. See, <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976). The Plaintiff must show that the knowledge for medical need is accompanied by intentional refusal to provide that care. See, <u>Monmouth County Correctional Institutional Inmates v. Lanzaro</u>, 834 F. 2d. 326, 346 (3d Cir. 1987).

It is submitted to this Honorable Court that the Plaintiff alleges that his wrists were mutilated and he had cuts from it and thought it was a break, the next day he only had complaints when he drafted his civil complaint that he couldn't move his wrist and his right hand was sore.

It is submitted as a matter of law, that there was no violation of the Eighth Amendment rights of the Plaintiff for failure to provide medical treatment.

Moreover, as part of this Motion to Dismiss, while the Plaintiff is filing a "pro se" Complaint, Plaintiff's Complaint, which is referenced in the course of this Memorandum, it is submitted, is very vague. As part of the Motion to Dismiss, Defendants make a Motion for a more definitive statement. While it is generally understood that such a Motion is met with disfavor, answering this Complaint, in this fashion, would be an at risk adventure by defense counsel. So, if the Court sees fit not to dismiss the Plaintiff's Complaint, it is requested that a more specific pleading be ordered.

## IV.  CONCLUSION

For the reasons as set forth above, it is respectfully requested that this Honorable Court grant the relief requested.

    Respectfully submitted,

    **Begley, Carlin & Mandio, LLP**

By:_____
    **James A. Downey, III, Esquire**
    Attorney I.D. #17533
    Signature Validation Code: JD1278
    680 Middletown Boulevard, 3rd Floor
    P.O. Box 308
    Langhorne, PA 19047
    (215) 750-0110
    *Attorney for Defendants*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **Jesse Baker** | : CIVIL ACTION |
| | : No. 02-5313 |
| v. | : |
| | : |
| **Sgt. Olley Wilson; Deputy Prudish**; | : |
| **Sgt. Joe White; Entire Bucks County** | : |
| **Sheriff's Department** | : |

### CERTIFICATION OF SERVICE

    I, James A. Downey, III, Esquire, attorney for Defendants, do certify and say that I did, on the date signed below, send a true and correct copy of Defendants form of Order, Motion to Dismiss, Memorandum of Law and Certification of Service to Plaintiff, via First Class Mail, postage prepaid, as addressed below:

Jesse Baker
*(Pro Se Plaintiff)*
DM4902
SCI Graterford
Route 29
P.O. Box 244
Graterford, PA 19426

          **Begley, Carlin & Mandio, LLP**


          By:_____
          **James A. Downey, III, Esquire**
          Attorney I.D. #17533
          Signature Validation Code: JD1278
          680 Middletown Boulevard, 3rd Floor
          P.O. Box 308
          Langhorne, PA 19047
          (215) 750-0110
          *Attorney for Defendants*

Date:_____