IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **Jesse Baker** | : CIVIL ACTION |
| | : No. 02-5313 |
| v. | : |
| | : |
| **Sgt. Olley Wilson; Brian McKeough;** | : |
| **David Prudish; Officer Gizzi; Joe White;** | : |
| **Officer Gaithens;** and, **Bucks County** | : |
| **Sheriff's Department** | : |

**ORDER**

AND NOW, this _____ day of _____, 2006, upon consideration of the Defendants' Motion to Dismiss and any responses thereto, it is hereby ORDERED and DECREED that Plaintiff's Amended Complaint is dismissed, with prejudice.

BY THE COURT:

_____
J.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **Jesse Baker** | : CIVIL ACTION |
| | : No. 02-5313 |
| v. | : |
| | : |
| **Sgt. Olley Wilson; Brian McKeough;** | : |
| **David Prudish; Officer Gizzi; Joe White;** | : |
| **Officer Gaithens;** and, **Bucks County** | : |
| **Sheriff's Department** | : |

**DEFENDANTS' MOTION TO DISMISS**
**PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**

TO THE HONORABLE, THE JUDGE OF THE SAID COURT:

Defendants, Sgt. Olley Wilson, Brian McKeough, David Prudish, Officer Gizzi, Joe Whie, Officer Gaithens and the Bucks County Sheriff's Department, moves this Honorable Court to dismiss Plaintiff's Amended Complaint filed in this matter and sets forth the following reasons:

1.  Plaintiff in this cause of action has filed an Amended Complaint pursuant to the Order of this Court of January 12, 2006. The Amended Complaint, dated December 29, 2005, is deemed filed.

2.  The Amended Complaint is, save for some differing factual allegations, the same as Plaintiff's initial Complaint filed on July 24, 2002.

3.  This Complaint, while adding some different Defendants, including Officer Gizzi, David Prudish, Brian McKeough and Officer Gaithens, alleges virtually the same allegations as was raised in the initial Complaint.

4.  The Plaintiff's Complaint alleges that on July 11, 2002, while being held in the holding cell area of the Bucks County Sheriff's Department in the Courthouse in Doylestown, Pennsylvania, he was discovered smoking a cigarette in the holding cell area.

5.  While acknowledging that use of tobacco in the Courthouse in the holding cell area is forbidden, the Plaintiff alleges, in his Amended Complaint, virtually the same in the initial Complaint, that he was restrained and shackled for use of the tobacco and appears in Paragraph 6 of the Complaint, that he resisted in some fashion noting that Sheriffs were "no way, on this day, or any day, that I was going to allow him, or anybody to bond me up like an infected animal".

6.  The Amended Complaint, while somewhat factually different than the initial Complaint, notes that there was the same actions or activities as noted in the initial Complaint.

7. The only essential difference in the Amended Complaint, save for the names of several Officers or Deputy Sheriffs, is that photographs were now taken by the Plaintiff's mother as set forth in Paragraph 15 as opposed to in the initial Complaint where the photographs were taken by state correctional prison personnel.

8. The Plaintiff's Amended Complaint states what appears to set forth a claim that he's subject to cruel and unusual punishment and did not receive proper or prompt medical treatment.

9. It is submitted that this Amended Complaint, as the Plaintiff's initial Complaint does not state a claim upon which relief can be granted.

WHEREFORE, it is respectfully requested that this Honorable Court dismiss Plaintiff's Amended Complaint for failure to state a claim upon which relief can be granted.

**Begley, Carlin & Mandio, LLP**

By:_____**(JD1278)**
**James A. Downey, III, Esquire**
Attorney I.D. #17533
680 Middletown Boulevard
P.O. Box 308
Langhorne, PA 19047
(215) 750-0110
Attorney for Defendants

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **Jesse Baker** | : CIVIL ACTION |
| | : No. 02-5313 |
| v. | : |
| | : |
| **Sgt. Olley Wilson; Brian McKeough;** | : |
| **David Prudish; Officer Gizzi; Joe White;** | : |
| **Officer Gaithens;** and, **Bucks County** | : |
| **Sheriff's Department** | : |

**MEMORANDUM OF LAW**

**I. HISTORY OF THE CASE**

    **A. Factual**

Plaintiff's Amended Complaint relates, as did the initial Complaint, an alleged violation of Plaintiff's civil rights against several members of the Bucks County Sheriff's Department and, the entire "Bucks County Sheriff's Department". As stated in the initial Complaint, this incident is said to have occurred in the same place on or about July 11, 2002 in the holding cell area of the Sheriff's Department in the Bucks County Courthouse.

The Plaintiff notes in his Complaint that he had smoked a cigarette in the Sheriff's holding cell area indicating, in Paragraph 3, that "I discovered tobacco and a lighter, apparently left by someone, after inspecting it, I was sure it was only tobacco, I decided to smoke a cigarette." Obviously, this is against the rules. The Plaintiff acknowledges that in this Amended Complaint as he did, more or less, in the initial Complaint.

The Plaintiff, as set forth in his Amended Complaint, as was set forth in the initial Complaint, was shackled and cuffed. It is apparent that the Plaintiff put up some kind of resistance as he wasn't going to permit the officers to shackle him for breaking the rules. Again, the Plaintiff, in his Amended Complaint, alleges that he was treated roughly and the treatment caused his colostomy bag to break. Undoubtedly, in the Amended Complaint, the information is somewhat embellished to reflect the case law and the law provided by Defendants' counsel in the Rule 12(b)(6) Motion to Dismiss the first Complaint. The only significant factual difference is that the first Complaint alleges that photographs were taken of the Plaintiff by state correctional facility personnel. In the Amended Complaint, it is noted that some photographs were taken by the Plaintiff's mother when she retrieved a camera from the trunk of her car; having just returned from vacation.

The prayer for relief in the Amended Complaint notes that Plaintiff has a right to be free from cruel and unusual punishment and deserves equal protection of the law and, that these rights were violated with deliberate indifference.

**B. Procedural**

Plaintiff's initial Complaint was filed on July 24, 2002 and served on the Sheriff's Office, noting the named Defendants at that time. Plaintiff's Amended Complaint was filed of record per the Order of this Court on January 12, 2006. Defendants filed a Motion to Dismiss the initial Complaint under and pursuant to Federal Rule of Civil Procedure 12(b)(6) and, Defendants are filing a same response to the Amended Complaint as the Amended Complaint contains, essentially, no different factual allegations than did the first Complaint.

## II. QUESTION BEFORE THE COURT

Whether Plaintiff's Amended Complaint should be dismissed for failure to state a claim upon which relief can be granted?

## III. DISCUSSION OF THE LAW

Defendants, for this Amended Complaint, repeat in this Memorandum of Law, that which was stated in their initial Memorandum of Law as to the status of the law and their request for this Court to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

To maintain a cause of action for a violation of 42 U.S.C. § 1983, Plaintiff must first allege that the Defendants acted under color of state law when they deprived him of a constitutional or statutory right. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Howard v. Pine Forge Academy*, 678 F. Supp. 1120, 1122 (E.D. Pa. 1987).

The issue to be determined is whether Plaintiff sufficiently alleges a deprivation of any rights secured by the Constitution. *Baker v. McCollan*, 443 U.S. 137, 140 (1979); *D. R. v. Middle Bucks Area Vocational Technical School*, 972 F. 2d. 1364, 1367 (3d Cir. 19920, § 1983 "'is not itself a source of substantive rights but, merely provides a "method for vindicating federal rights elsewhere conferred.'" *Graham v. Connor*, 490 U.S. 386, 394 (1989).

The Plaintiff in this case alleges that his constitutional rights to be free of cruel and unusual punishment and, for appropriate medical treatment, were violated by the Defendants' actions. The allegations purport to set forth a claim for violation of rights clearly contemplated by Section 1983; it is submitted to this Court that no cause of action has been stated.

Further, it is acknowledged that this Court is instructed to construe Complaints of "pro se" Plaintiffs liberally and, such Plaintiffs are to be held to a less stringent pleading standard. See, *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S. Ct. 285, 292 (1976).

Again, as set forth in the Motion to Plaintiff's initial Complaint, it is submitted that the Sheriff's Department is not a proper entity for suit under Section 1983. See, *Bonenberger v. Plymouth Township*, 132 F. 3d. 20, 26 n. 4 (3d Cir. 1997); *Irvin v. Borough of Darby*, 937 F. Supp. 446, 450 (E.D. 1996).

As to the other Defendants; namely, the officers and the sheriff's department and, in this Complaint are Sgt. Wilson, Deputy Sheriff McKeough, Prudish, Gizzi, White and Gaithens, it is submitted that Defendant's Motion, while testing the legal sufficiency of the claim, does not except the veracity of the claim and its allegations. See, *Markowitz v. Northeast Land Co.*, 906 F. 2d. 100, 103 (3d Cir. 1990). The claim, though, may be dismissed when the fact alleged and the reasonable inferences therefrom are legally insufficient to support the relief sought. See, *Pennsylvania Ex-Rel, Zimmerman v. Pepsi Co., Inc.*, 836 F. 2d. 173, 179 (3d Cir. 1988).

Plaintiff's Complaint seems to allege that the officers roughed him up and shackled or cuffed him in a far too gruff fashion causing injuries to Plaintiff's wrists. In addition, it is alleged that they took from him a cross.

It is noted in the Amended Complaint that after the Plaintiff was, as set forth in the initial Complaint, discovered using tobacco in the holding cell, the Plaintiff begins the narrative complaint in Paragraph 5 where, as noted previously, he's asked to step out of the cell to be searched. As noted and referenced in Paragraphs 6 and 7, the Plaintiff was going to refuse to be shackled for violating the rules.

Plaintiff notes that the actions and activities of the officers in Paragraphs 7 and 8.

Paragraph 9 notes Sgt. Wilson's alleged involvement and purported off-handed comments.

The Complaint notes, further, that the Plaintiff was isolated so as to avoid contact with others and was refused access to the bathroom.

It is submitted that the only real factual difference, other than naming a few different officers names than in the first Complaint, is that in the first Complaint is Paragraph 15 where photos were taken in this Amended Complaint, as alleged, by the Plaintiff's mother as opposed to state correctional facility personnel, as set forth in the initial Complaint.

As set forth in the initial Motion, and repeated herein, it is arguable that these actions could be considered cruel and unusual punishment. It is submitted, though, that these allegations should be taken in the context of a prison setting as opposed to arrest and seizure. It is obvious that the Plaintiff was smoke cigarettes or using tobacco in the county holding cell and refused to cooperate with regard to being restrained.

In a claim for violation of Eighth Amendment rights and the right to be free from cruel and unusual punishment, a prisoner can make a claim as he is protected from the use of excessive force. See, *Whitley v. Albers*, 475 U.S. 312 (1986).

Only the "unnecessary and wanton infliction of pain" constitutes cruel and unusual punishment forbidden by the Eighth Amendment. See, *Whitley v. Albers*, 475 U.S. at 319.

It is submitted that it is patently obvious that the Plaintiff has embellished the amended or supplement complaint to seek to conform to the allegations requesting dismissal in Defendants' first Motion to Dismiss. It is submitted, though, that these allegations are, in essence, and in fact, and in law no different than in the first Complaint.

The law is that whenever an inmate accuses prison officials from using excessive force in violation of the cruel and unusual punishment clause, the Court must determine "whether the force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the purpose of causing harm. See, *Whitley v. Albers*, 475 U.S. 320-321. Pennsylvania Law permits the use of force by officers as corrections officers at 18 Pa. C.S.A. § 509(5) which reads as follows:

> The use of force upon or toward the person of another is justifiable ....
>
> The actor is a warden or other authorized official of a correctional institution; and,
>
> (i) he believes the use of force is necessary for the purpose of enforcing the lawful rules or procedures of the institution unless his belief in the lawfulness of the rule of procedure sought to be enforced as erroneous and his error is due to ignorance or mistake as to the provisions of this title, and any other provision of the criminal law or the law governing the administration of the institution;
>
> (ii) the nature or degree of force is not forbidden by law; and,
>
> (iii) if the use of deadly force is used, its use is otherwise justifiable under this chapter.

Deadly force was not used in this case so, any section of the Pennsylvania having to do with deadly force is not applicable.

There is no doubt, or no question of fact that force was used. The question becomes whether, as alleged in the Plaintiff's Amended Complaint, as alleged in the initial Complaint, the use of force is set forth clearly so overbearing as to go beyond the force necessary to enforce regulations and procedures. Such a use of force to enforce regulations and procedures is authorized. See, *Williams v. Mussomelli*, 722 F. 2d. 1130, 1133 (3d Cir. 1983).

The Supreme Court of the United States has held in <u>Hudson v. McMillian</u> that the Eighth Amendment's prohibition of cruel and unusual punishment necessarily excludes from constitutional recognition "de minimus" uses of physical force provided that the use of physical force is not of a sort "repugnant to the conscience of mankind." See, <u>Hudson v. McMillian</u>, 530 U.S. 1, 10 (1992).

It is submitted to this Honorable Court that the Plaintiff's Amended Complaint, the same as the initial Complaint, does not state a claim, as a matter of law, that the use of force or any injuries sustained would be considered force of a type that is "repugnant to the conscience of mankind."

The courts have looked to several factors in determining whether excessive force was used by a corrections officer (in this case, it would be a member of the Sheriff's Department in the holding cell area of the Bucks County Courthouse). The courts looked at several factors, including: (1) the need for application of force; (2) the relationship between the need and the amount of force that was used; (3) the extent of injury inflicted; (4) the extent of the threat to the safety of staff and inmates, as reasonably perceived by responsible officials on the basis of the facts known to them; and, (5) any efforts made to temper the severity of a forceful response. See, <u>Whitley v. Albers</u>, 475 U.S. at 321 (1986).

In the initial Complaint and, in this Amended Complaint, it appears that the Plaintiff was using tobacco, which use is in violation of the rules. He was asked to step out of his cell so he could be watched and, apparently, some sort of confrontation ensued at that time. The Plaintiff was shackled. As noted in Plaintiff's Amended Complaint, the shackling took place with protest. The Plaintiff noted in the initial Complaint that he was seen by a nurse at the correctional facility at Graterford and, in this Complaint, it is noted that photographs were taken by his mother. In the Amended Complaint, a reading of it does not indicate the failure to provide medical treatment as did the initial Complaint so, no comment will be made with regard to this Amended Complaint concerning medical treatment.

It is submitted to this Honorable Court that there was no violation of any rights of the Plaintiff on the part of any of the Deputy Sheriffs of Bucks County.

**IV. CONCLUSION**

For the reasons set forth above, it is respectfully requested that this Honorable Court grant the relief requested and to dismiss the Plaintiff's Amended Complaint for failure to state a claim upon which relief can be granted.

Respectfully submitted,

**Begley, Carlin & Mandio, LLP**

By:_____**(JD1278)**
    **James A. Downey, III, Esquire**
    Attorney I.D. #17533
    680 Middletown Boulevard
    P.O. Box 308
    Langhorne, PA 19047
    (215) 750-0110
    Attorney for Defendants

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **Jesse Baker** | : CIVIL ACTION |
| | : No. 02-5313 |
| v. | : |
| | : |
| **Sgt. Olley Wilson; Brian McKeough;** | : |
| **David Prudish; Officer Gizzi; Joe White;** | : |
| **Officer Gaithens;** and, **Bucks County** | : |
| **Sheriff's Department** | : |

### CERTIFICATION OF SERVICE

    I, James A. Downey, III, Esquire, attorney for Defendants in the Amended Complaint, do certify and say that I did, on the date signed below, send a true and correct copy of Defendants' form of Order, Motion to Dismiss, Memorandum of Law and Certification of Service to the Plaintiff, via First Class Mail, postage prepaid addressed as set forth below:

Jesse Baker
(*Pro Se Plaintiff*)
DM4902
State Correctional Institution at Smithfield
P.O. Box 999
1120 Pike Street
Huntingdon, PA   16652

                                                    **Begley, Carlin & Mandio, LLP**

                                        By:_____ **(JD1278)**
                                          **James A. Downey, III, Esquire**
                                          Attorney I.D. #17533
                                          680 Middletown Boulevard
                                          P.O. Box 308
                                          Langhorne, PA 19047
                                          (215) 750-0110
                                          Attorney for Defendants

Date:_____