IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **Jesse Baker** | : No. 02-5313 |
| | : |
| v. | : |
| | : |
| **Sgt. Ollie Wilson; Deputy Prudish;** | : |
| **Sgt. Joe White; Brian McKeough;** | : |
| **Officer Gizzi; Joe White;** and, | : |
| **Officer Gaithens (Gaithers)** | : JURY TRIAL DEMANDED |

**DEFENDANTS' ANSWER TO PLAINTIFF'S
COMPLAINT WITH AFFIRMATIVE DEFENSES**

Defendants make Answer to Plaintiff's Complaint with Affirmative Defenses as follows:

1.  Admitted in part. Denied in part. It is admitted that the Plaintiff was a State inmate serving a sentence for receiving stolen property and was being held at the Bucks County Courthouse under the custody of Sheriff's Deputies. It is denied they were responsible for the Plaintiff's "corpus" and his health and safety but, were involved in care, custody and control.

2.  Admitted in part. Denied in Part. It is admitted that the Plaintiff was strip searched. This strip search was appropriate and related to security. It is denied that any excessive medication took place. It is believed, and therefore averred, that the accusation of excessive medication is a fabrication by the Plaintiff.

3.  Denied. This averment is specifically denied. It is believed, and therefore averred, that the Plaintiff, himself, brought the contraband into the holding cell. Furthermore, Plaintiff admits that he was smoking cigarettes which he knew, or had reason to know, were forbidden in the holding cell area in which he was confined.

4.  Denied. This averment is denied for the reasons set forth in Answer No. 3, which is hereby incorporated by reference, in full. The statements made by the Deputy are specifically denied. The Plaintiff was engaged in conduct that was forbidden.

5. Denied. This averment is denied in that it is averred that the Plaintiff fought with the Sheriff's Deputies which caused the Plaintiff to be charged with aggravated assault on Deputy Sheriffs Prudish and McKeough along with simple assault to those individuals, resisting arrest from those individuals and disorderly conduct with those individuals in the Bucks County Court of Common Pleas, Criminal Division at Action No. 5506/2002. By way of further denial, the law enforcement officers did no more than was legally appropriate under the circumstances.

6. Denied. This averment is specifically denied. The facts as related by Plaintiff are specifically denied. The Plaintiff engaged in assaultive behavior as set forth heretofore and incorporated herein. Defendants violated no rights of the Plaintiff.

7. Denied. This averment is denied. It is specifically denied as to Plaintiff's recitation of facts or events. Defendants engaged in no acts of commission that were outside of what the law permits them to do under the circumstances. The Plaintiff had violated the rules in his use of tobacco. The Plaintiff resisted proper conduct by law enforcement officials. The Plaintiff refused to comply with requests by the Deputies. No actions by any of the Defendants were excessive. No rights or privileges of the Plaintiff were violated by any of the Defendants.

8. Denied. Defendants deny Plaintiff's statement of events and Plaintiff's opinions. No actions of the Defendants were excessive under any circumstances. The information contained in prior answers is hereby incorporated by reference, in full.

9. Denied. Defendants deny the events as set forth by the Plaintiff. The information contained in prior answers to Plaintiff's Complaint is hereby incorporated by reference in full.

10. Denied. Defendants are not aware of any persons within what Plaintiff calls in range of hearing. Defendants deny Plaintiff's recitation of the facts and circumstances. The Defendants did not retaliate as answering Defendants are without knowledge or information sufficient to form a belief as to the truth of this portion of the averment. The information contained in prior answers is hereby incorporated by reference, in full.

11.     Denied.  This averment is specifically denied.  The events, as set forth, did not occur.  The information contained in prior answers is hereby incorporated by reference, in full.

12.     Denied.  Defendants did not damage any of Plaintiff's property.  The Defendants did not otherwise confiscate any of the Plaintiff's property.  The information contained in prior answers is hereby incorporated by reference, in full.

13.     Denied.  This averment is denied in that answering Defendants are without knowledge or information sufficient to form a belief as to the truth of this averment.

14.     Denied.  Defendants, did not, in any way, violate any of the Plaintiff's rights.  The Defendants did not treat Plaintiff with brutality.  By way of further denial, the information contained in prior answers is hereby incorporated by reference, in full.

15.     Denied.  This averment is denied in that answering Defendants are without knowledge or information sufficient to form a belief as to what any constable allegedly did.  The Defendants deny any of the Plaintiff's conclusions or opinions in this averment.  The information contained in prior answers is hereby incorporated by reference, in full.

16.     Denied.  This averment is denied as a conclusion of law.  By way of further denial, the information contained in prior answers is hereby incorporated by reference, in full.

WHEREFORE, Defendants request this Honorable Court to dismiss Plaintiff's Complaint.

### First Affirmative Defense

This cause of action was not commenced within the applicable Statute of Limitations.

### Second Affirmative Defense

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### Third Affirmative Defense

On December 10, 2002, Plaintiff pled guilty before the Honorable Ward F. Clark, Senior Judge of the Court of Common Pleas of Bucks County, Criminal Division to criminal charges arising out of the incident about which Plaintiff complains in his Complaint and for which

incident the Plaintiff was sentenced to a term of imprisonment of not less than 20 not more than 40 months. Therefore, the Plaintiff is precluded from commencing this cause of action as he pled guilty to offenses arising out this incident.

### Fourth Affirmative Defense

Defendants are immune from any cause of action set forth by the Plaintiff, be that immunity qualified or absolute.

### Fifth Affirmative Defense

Defendants aver that none of the Plaintiff's rights or privileges under the Constitution of the United States or any federal law or the Constitution of the Commonwealth were violated.

### Sixth Affirmative Defense

Defendants aver that they are entitled to any of the defenses under the Prison Litigation Reform Act and, as Plaintiff filed no grievance for the incident complained of in this Complaint, the Plaintiff's Complaint should be dismissed.

**Defendant's demand Jury Trial.**

**Begley, Carlin & Mandio, LLP**

By:_____JD1278_____
**James A. Downey, III, Esquire**
Attorney I.D. #17533
680 Middletown Boulevard
P.O. Box 308
Langhorne, PA 19047
(215) 750-0110

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **Jesse Baker** | : No. 02-5313 |
| | : |
| v. | : |
| | : |
| **Sgt. Ollie Wilson; Deputy Prudish;** | : |
| **Sgt. Joe White; Brian McKeough;** | : |
| **Officer Gizzi; Joe White;** and, | : |
| **Officer Gaithens (Gaithers)** | : |

**CERTIFICATION OF SERVICE**

    I, James A. Downey, III, Esquire, do certify and say that I did, on the date signed below, send a true and correct copy of Defendants Answer to Plaintiff's Complaint with Affirmative Defenses to Plaintiff, Jesse Baker, Pro Se, at the address set forth below, via First Class Mail, postage prepaid:

> Jesse Baker
> No. DM4902
> 1120 Pike Street
> Box 999
> SCI at Smithfield
> Huntingdon, PA 16652

> **Begley, Carlin & Mandio, LLP**
>
> By:_____JD1278_____
> **James A. Downey, III, Esquire**
> Attorney I.D. #17533
> 680 Middletown Boulevard
> P.O. Box 308
> Langhorne, PA 19047
> (215) 750-0110

Date:_____