**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **Jesse Baker** | : CIVIL ACTION |
| | : No. 02-5313 |
| vs. | : |
| | : |
| **Sgt. Olley Wilson** | : |
| **David Prudish** | : |
| **Sgt. Joe White,** et al. | : |

## ORDER OF COURT

**AND NOW**, this _____ day of _____, 2006, upon consideration of Defendants' Motion for Summary Judgment filed and under and pursuant to Federal Rule of Civil Procedure 56, and any responses thereto, it is hereby ORDERED and Decreed that Defendants' Motion for Summary Judgment is granted and Plaintiff's Complaint pending before this Court in the above-captioned matter is dismissed, with prejudice.

BY THE COURT:

_____
                                                                                          J.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **Jesse Baker** | : CIVIL ACTION |
| | : No. 02-5313 |
| vs. | : |
| | : |
| **Sgt. Olley Wilson** | : |
| **David Prudish** | : |
| **Sgt. Joe White,** et al. | : |

### DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

TO THE HONORABLE, THE JUDGE OF THE SAID COURT:

Defendants in the above-captioned matter, via their attorney, James A. Downey, III, Esquire, moves this Honorable Court to grant Summary Judgment in their favor and sets forth the following reasons:

1.   There is presently pending before this Court, Plaintiff's "Pro Se" Amended Complaint alleging Sheriff's use of unnecessary force in removing him from a holding cell.

2.   The matter is presently scheduled before this Court for Trial commencing on December 18, 2006.

3.   Attached hereto and made a part hereof and marked Exhibit "A" to this Motion is the Request for Admissions forwarded to the Plaintiff and the Plaintiff's handwritten replies to that Request.

4.   Attached hereto and made a part hereof and marked Exhibit "B" to this Motion is a Certified copy of the docket entries in the case indexed in the Court of Common Pleas of Bucks County at Criminal Action NO. 5506/2002 in which case, the Plaintiff pled guilty to aggravated assault for charges arising out of the incident said to have occurred at the Bucks County Courthouse holding cell on the 11th of July of 2002.

5.   Of significance as to the docket entries, is that the criminal case referenced is final.

6.   Under and pursuant to the case of <u>Heck v. Humphrey</u>, 512 U.S. 477, 114 S. Ct. 2364 (1994), Plaintiff's claim for damages is not cognizable under 42 U.S.C. § 1983.

7. As part of the Request for Admissions, the Plaintiff has admitted that he was a state prisoner at the time of the incident on July 2, 2002, serving a sentence at the State Correctional Institution at Graterford.

8. Plaintiff further admits that he filed no grievance.

9. Under and pursuant to Decisions of this Circuit in the matter of <u>Spurill v. Gillis</u>, 372 F. 3d. 218 (3d. Cir. 2004) and <u>Woodford v. Viet Mike Ngo</u>, 2006 U.S. Lexis 4891 (Supreme Court of the United States), it is submitted that filing of a grievance is an absolute and unequivocal prerequisite to filing a Complaint before this Court.

10. As the Plaintiff filed no grievance, he has no cognizable action before this Court in this case.

11. It is believed, and therefore averred, that the Defendants are entitled to qualified immunity.

WHEREFORE, Defendants request this Honorable Court to grant their Motion for Summary Judgment and to dismiss Plaintiff's Complaint, with prejudice.

> Respectfully submitted,
>
> **Begley, Carlin & Mandio, LLP**
>
>
> By:_____**JD1278**_____
> **James A. Downey, III, Esquire**
> Attorney I.D. #17533
> 680 Middletown Boulevard
> P.O. Box 308
> Langhorne, PA 19047
> (215) 750-0110
> *Attorney for Defendants*

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **Jesse Baker** | : CIVIL ACTION |
| | : No. 02-5313 |
| vs. | : |
| | : |
| **Sgt. Olley Wilson** | : |
| **David Prudish** | : |
| **Sgt. Joe White,** et al. | : |

**DEFENDANTS' MEMORANDUM OF LAW
REGARDING THEIR MOTION FOR SUMMARY JUDGMENT**

I.   **BACKGROUND**

   A.   **Factual**

   The above-captioned matter is before this Court, now, after Plaintiff's Amended Complaint. The case is scheduled for Trial before this Court on December 18, 2006.

   Plaintiff's Complaint alleges that on or about July 11, 2002, he was in the holding cell as a confined prisoner in that holding cell, which is located in the Bucks County Courthouse. As he was in the holding cell as a prisoner, he was waiting for a court appearance. While waiting for the court appearance, a scuffle ensued between the Plaintiff and members of the Bucks County Sheriff's Department. This scuffle was a result of the Plaintiff's use of tobacco in the holding cell area. After the Sheriff's Deputies ordered the Plaintiff to cease, a fight occurred between the Plaintiff and Deputies.

   Counsel for the Defendants has submitted to the Plaintiff a Request for Admissions. The original of that Request is attached to this Motion. As to the incident about which the Plaintiff complains, he does agree that it occurred in the holding cell area of the Bucks County Courthouse on July 11, 2002. On that date, the Plaintiff admits that Sheriff's Deputies in the holding cell area of the Bucks County Courthouse, discovered the Plaintiff smoking a cigarette in his holding cell.

   In the reply to the Request for Admissions, numbers 7, 8, 9 and 10, the Plaintiff admits that charges were brought against him as a result of the incident. The charges are contained in Criminal Court Information No. 5506/2002 of the Bucks County Court of Common Pleas. A Certified copy of the docket entries for that case are attached to this Motion as Exhibit "B".

The Plaintiff admits that he pled guilty and was sentenced to a term of imprisonment of twenty (20) to forty (40) months in a state correctional institution.

In reply to Request No. 10, the Plaintiff was asked as to whether or not the charges in Criminal Action NO. 5506 arise out of the very same incident about which the Plaintiff sets forth in his Complaint pending before this Court, he states, "Denied in part - agreed in part. The charges came later - this incident - was my reaction to numerous abuse's - and if I did not envolve a punch, as Dep. McKeough testified to under oath, that I didn't throw a punch, they were the aggressors - who attacked me, I was compliant"

Request for Admissions No. 7 and 8 asked as to whether or not the incident on July 11 gave rise to charges brought by the District Attorney of Bucks County against the Plaintiff on the Information No. 5506/2002 and the Plaintiff notes that they were brought after his civil rights action was filed and the charges to attempt to dissuade him from filing the civil action for violations on July 11, 2002.

Request No. 8 asked him whether he pled guilty to aggravated assault upon Deputy Prudish and simple assault on Deputy Prudish along with the charge of harassment. The Plaintiff admits that he pled guilty.

The docket entries confirm the guilty plea for the sentence noted and a guilty plea for the incident that occurred on July 11, 2002.

In the Request for Admissions No. 5 and 6, it was asked if the Plaintiff was a state inmate and whether or not he filed a grievance. While the Plaintiff notes in his answer to No. 5, that he was a state inmate, he doesn't really answer as to whether or not he filed a grievance but, does, inferentially, note that no grievance was ever filed.

### B. Procedural

This matter is before the Court, now, on Defendants' Motion for Summary Judgment.

**II.    QUESTIONS BEFORE THE COURT**

a).    Whether the Plaintiff's guilty plea to the charges of aggravated assault and other offenses arising out of the incident about which the Plaintiff complains in his Civil Complaint before this matter, said charges to which the Plaintiff pled guilty, have not been invalidated so that the Plaintiff has no cognizable action pursuant to 42 U.S.C. § 1983?

b).    That Plaintiff admits filed no grievance so that under and pursuant to the Prison Litigation Reform Act of 1995, 42 U.S.C. § 1997e, *et seq.*, the Plaintiff has not exhausted his administrative remedies and has no cause of action before this Court?

c).    Whether the Defendants are entitled to qualified immunity?

**III.   DISCUSSION OF THE LAW**

To make out a cause of action 42 U.S.C. § 1983, a Plaintiff must show that (1) the Defendants acted under color of law; and, (2) their actions deprived him of rights secured by the Constitution or federal statutes.  See, <u>Kost v. Kozakiewicz</u>, 1 F. 3d. 176, 184 (3d. Cir. 1993). In the matter before this Court, there is little doubt that the Defendants were acting under the color of state law as they were Deputy Sheriffs at the time of this alleged violation.  So, the issue before this Court is whether they Defendants deprived the Plaintiff of any constitutionally protected right.

To prevail on a Motion for Summary Judgement, a moving party must establish that no genuine issue of material fact remains in dispute and that the moving party is entitled to judgment as a matter of law.  Fed. R.Civ.P. 56(c).  An issue is "genuine" only if "there is evidence from which a reasonable trier of fact could find in favor of the non-moving party, viewing the record as a whole in light of the evidentiary burden the law places on that party." <u>United States v. Premises known as 717 S. Woodward Street Allentown, PA</u>, 2 F. 3d. 529, 533 (3d. Cir. 1993.

The factual dispute is "material" only if it "might affect the outcome of a suit under the governing law".  See, <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510 (1986).

Summary Judgment shall be granted where, as here, "the pleadings, depositions and answers to interrogatories and admissions on file together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." See, <u>Hersh v. Allen Products Co., Inc.</u>, 789 F. 2d. 230, 232 (3d. Cir. 1986). The moving party's burden can be "discharged by showing – that is, pointing out the District Court – that there is an absence of evidence to support the non-moving party's case." <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 325 (1986). The non-moving party must identify, specifically, the evidence upon which a verdict may be based. See, <u>Childers v. Joseph</u>, 477 U.S. 317, 106 S. Ct. 2548 (1986).

Notably, the non-moving party has to "do more than simply show that there is some metaphysical doubt as to material facts" and, "may not rest on mere allegations, general denials, or…. vague statements." <u>Matsushita Electric Industries Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 586 (1986). Indeed, the United States Supreme Court has held that if the non-moving party's evidence in opposition to the moving party's properly supported Motion for Summary Judgment is merely "colorable" or not "significantly probative", then this Court must grant Summary Judgment in the moving party's favor. See, <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 249-50 (1986).

First, in this case, Plaintiff admits that he had pled guilty to charges brought against him by the District Attorney of Bucks County indexed at Criminal Action No. 5506/2002. A certified copy of those docket entries is attached to this Motion. In reviewing the Plaintiff's reply to Defendants' Request for Admissions, there is no doubt that the charges to which the Plaintiff pled guilty on December 12, 2002 on Criminal Information No. 5506/2002, arise out of the very same incident on July 11, 2002 about which the Plaintiff has filed this Complaint.

It is submitted to this Court that as the Plaintiff had pled guilty to the charges noted in the aforesaid Criminal Information, he does not have a cognizable claim under 42 U.S. § 1983 as set forth in the decision of <u>Heck v. Humphrey</u>, 512 U.S. 477, 114 S. Ct. 236 (1994). The Supreme Court of the United States stated at 512 U.S. 483 as follows:

> We have repeatedly noted that 42 U.S.C. § 1983 creates a species of tort liability (citations omitted). Over the centuries, the common-law of torts has developed a set of rules to implement the principle that a person should be compensated fairly for injuries caused by the violation of his legal rights. These rules defining the elements of damages and the prerequisites for their recovery, provide the appropriate starting point for the inquiry under Section 1983 as well

(citations omitted). Thus, to determine whether there is any bar to the present suit, we look first to the common-law of torts (citations omitted).

The common-law cause of action of malicious prosecution provides for the close analogy to the claims of the type considered here because, unlike the related the cause of action for false arrest or imprisonment, it permits damages for confinement imposed pursuant to the legal process. (If there is a false arrest claim, damages for that claim cover the time of detention up until issuance of the process or arraignment but, not more.) (Citation omitted). A successful malicious prosecution plaintiff may recover, in addition to general damages, "compensation for any arrest or imprisonment, including damages for discomfort or injury to his health, or loss of time and deprivation of the society." (Citation omitted)

One element that must be alleged and proved in a malicious prosecution action is termination of the prior criminal proceeding in favor of the accused. (Citation omitted).

The Supreme Court of the United States stated further at 512 U.S. 486 that:

We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by the actions whose lawlessness would render a conviction or sentence invalid, a Section 1983 Plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination or called into question by a federal court's issuance of a Writ of Habeas Corpus (citation omitted). A claim for damages bearing that relationship to a conviction or a sentence has <u>not</u> (court's emphasis) been so invalidated is not cognizable under Section 1983. Thus, when a state prisoner seeks damages in a Section 1983 suit, the District Court must consider whether a judgment in favor of the plaintiff would necessarily imply the validity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already be invalidated.

It is submitted to this Honorable Court that this cause of action set forth by the Plaintiff and the Plaintiff's guilty plea in Bucks County Criminal Court Action No. 5506/2002 falls squarely within the parameters set out in the matter of <u>Heck v. Humphrey</u>.

It is submitted to this Honorable Court that Plaintiff's claims for damages arising out of the incident said to have occurred on July 11, 2002 is not cognizable under 42 U.S. § 1983.

The admission by the Plaintiff and the certified copy of the docket entries of Information No. 5506/2002 amply demonstrate, it is submitted, that the Plaintiff's claim for violation of his Eighth Amendment rights to be free from cruel and unusual punishment obviate that his rights were not violated.

As referenced in Plaintiff's Complaint and as noted in the reply to Requests for Admissions, the Plaintiff was, apparently, smoking cigarettes in the County Courthouse holding cell. There was, according to the Plaintiff's Complaint, some sort of "brushing" or some sort of "confrontation" when there was an attempt to cuff him. For the Plaintiff, there is little doubt that the Eighth Amendment is the primary source of substantive protection for convicted inmates in excess of force claims. See, <u>Whitley v. Albers</u>, 475 U.S. 312, 327, 106 S. Ct. 1078, 1088.

Only "unnecessary and wanton infliction of pain" constitutes cruel and unusual punishment forbidden by the Eighth Amendment. See, <u>Whitley v. Albers</u>, 475 U.S. at 319.

Whenever an inmate accuses prison officials of using excessive force in violation of the Cruel and Unusual Punishment clause, the Court must determine, "whether the force applied was in a good faith effort to maintain or restore discipline or maliciously or sadistically for the very purpose of causing harm." See, <u>Whitley v. Albers</u>, 475 U.S. 320-321.

Pennsylvania Law permits the use of force in a cause of action such as this. 18 Pa. C.S.A. § 508 permits a police officer to use force, which they believe to be necessary to effect the arrest and of any force which he believes necessary to defend himself or another from bodily harm while making the arrest.

It is submitted to this Honorable Court that Plaintiff's guilty plea to aggravated assault on the Deputy Sheriff obviates that the use of force was appropriate. Further, the Supreme Court of the United States has held, in the matter of <u>Hudson v. McMillian</u>, that the Eighth Amendment's prohibition of cruel and unusual punishment necessarily excludes from constitutional recognition "De Minimus" uses of physical force provided that he use of physical force is not of a sort "repugnant to the conscience of mankind". See, <u>Hudson v. McMillian</u>, 530 U.S. 1, 10 (1992).

It is submitted that the Plaintiff is foisted on his petard where his claims of cruel and unusual punishment or violations of his Eighth Amendment rights have occurred when he pled guilty to assaulting the very officers about which he files this Complaint.

Reference is made, again, to the matter of <u>Heck v. Humphrey</u>, Supra. The Supreme Court notes at 512 U.S. 487, n.6 as follows:

>A Section 1983 action that does not seek damages directly attributable to conviction or confinement but whose successful prosecution would necessarily imply that the plaintiff's criminal conviction was wrongful – would be the following: a state defendant is convicted of and sentenced for the crime of resisting arrest, defined as intentionally preventing a peace officer from effecting a <u>lawful</u> (court's emphasis) arrest. (This is a common definition of that offense) (citations omitted). He then brings a Section 1983 action against the arresting officer, seeking damages for violation of his Fourth Amendment Right to be free from unreasonable seizures. In order to prevail in this Section 1983 action, he would have to negate an element of the offense of which he has been convicted. Regardless of state law concerning res judicata, the Section 1983 action will not lie.

It is submitted to this Honorable Court that for the very reasons set forth above, the Plaintiff's cause of action under Section 1983 should be dismissed.

In Plaintiff's reply to the Request for Admissions, the Plaintiff admitted that he was a state prisoner in the State Correctional Institution at Graterford. Further, at reply to Request No. 6, he does admit, for all intents and purposes, that he did not file a grievance.

The factual setting of this matter, there is little doubt that the Plaintiff is a "prisoner" as that term is defined at 42 U.S.C. § 1997e(h). The definition is as follows:

>As used in this section, the term "prisoner" means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions or parole, probation, pre-trial release, or diversionary program.

A question can certainly arise as to whether or not the holding cell in the Bucks County Courthouse constitutes "other correctional facility".

It is submitted there is little doubt that this classification or status relates to a courthouse holding cell. At 42 U.S.C. § 1997e(a), the Act states as follows:

>No action shall be brought with respect to prison conditions under Section 1983 of this Title or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

In its Conference Report of the House of Representatives explains that "jail, prison, or other correctional facility" are terms that encompass all penal institutions including "those institutions in which persons are wholly or partially confined or housed as part of a criminal sanction or process". 1980 U.S.C.C.A.N. 832, 834.

It is submitted to this Honorable Court that a courthouse holding cell falls under or fits within the specification of "other correctional facility". There is little doubt that the courthouse holding cell is a place where a prisoner is confined as part of the criminal process.

This circuit in the matter of <u>Spruill v. Gillis</u>, 372 F.3d. 218 (3d. Cir. 2004), has held that filing of a grievance is an absolute and unequivocal prerequisite to filing a complaint before this Court. This decision was, recently, upheld by the Supreme Court of the United States at <u>Woodford v. Viet Mike Ngo</u>, 2006 U.S. Lexis 4891 (Supreme Court of the United States).

There is no doubt, now, that the Prison Litigation Reform Act of 1995 requires a prisoner to exhaust any available administrative remedies before challenging prison conditions in a federal court. The Plaintiff admits that he did not do so. The Plaintiff is precluded from going forward with this cause of action.

It is submitted to this Honorable Court, the Defendants are entitled the defense Qualified Immunity. The decision of <u>Bennett v. Murphy</u>, 274 F. 3d. 133 (2002) requires that the claim of Qualified Immunity be evaluated in a two-step process. The Court must, first, determine whether the facts taken in the light most favorable to the plaintiff show a constitutional violation. If this Court determines, in giving deference to the Plaintiff, that a constitutional violation has taken place, a second inquiry is to determine whether the constitutional right was clearly established.

It is submitted for the reasons set forth above, that even taking all of the facts in the light most favorable to the Plaintiff, that a constitutional violation did not take place. If this Court determines, at this point, that in evaluating a Qualified Immunity claim, must determine what a reasonable officer would have understood that his actions were prohibited?

It is submitted that in light of the allegations in Plaintiff's Complaint, the responses the Request for Admissions, and the Plaintiff's guilty plea to charges arising out of the incident of July 11, 2002 about which the Plaintiff complains, it is submitted that it is eminently clear that no reasonable officer would have determined that his actions violated any rights of the Plaintiff. Thus, it is submitted that the Defendants in this case are entitled to Qualified Immunity. See, <u>Bennett v. Murphy</u>, 274 F. 3d. 136-137.

## IV. CONCLUSION

For the reasons set forth above, it is respectfully requested that this Honorable Court grant Defendants' Motion for Summary Judgement.

Respectfully submitted,

**Begley, Carlin & Mandio, LLP**

By:_____**JD1278**_____
**James A. Downey, III, Esquire**
Attorney I.D. #17533
680 Middletown Boulevard
P.O. Box 308
Langhorne, PA 19047
(215) 750-0110
*Attorney for Defendants*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **Jesse Baker** | : CIVIL ACTION |
| | : No. 02-5313 |
| vs. | : |
| | : |
| **Sgt. Olley Wilson** | : |
| **David Prudish** | : |
| **Sgt. Joe White,** et al. | : |

**CERTIFICATION OF SERVICE**

    I, James A. Downey, III, Esquire, attorney for Defendants in the above-captioned matter, do certify and say that I did, on the date signed below, send a true and correct copy of Defendant's Motion for Summary Judgment, form of Order and Memorandum of Law to the Plaintiff, Pro Se, at the address noted below, via first-class mail, postage prepaid:

        Jesse Baker
        DM-4902
        SCI Smithfield
        1120 Pike Street
        Huntingdon, PA 16652
        *Pro Se*

        **Begley, Carlin & Mandio, LLP**


        By:_____**JD1278**_____
        **James A. Downey, III, Esquire**
        Attorney I.D. #17533
        680 Middletown Boulevard
        P.O. Box 308
        Langhorne, PA 19047
        (215) 750-0110
        *Attorney for Defendants*

Date:_____