IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Jesse Baker | : | CIVIL ACTION |
| | : | |
| | : | |
| v. | : | |
| | : | |
| SGT. Olley Wilson, *et al.* | : | NO. 02-5313 |

**O R D E R**

Plaintiff, a prisoner proceeding *pro se*, alleges that
Defendants, officers in the Bucks County Sheriff's Department,
used unnecessary force.  Defendants have moved for summary
judgment, asserting that the claims are barred because 1)
Plaintiff pled guilty to aggravated assault from charges
resulting from the altercation at issue in this case; 2)
Plaintiff did not file a grievance; and 3) Defendants are
entitled to qualified immunity.  As to the first point,
Defendants' reliance upon the decision in Heck v. Humphrey, 512
U.S. 477 (1994), is misplaced: the guilty plea to certain assault
claims does not necessarily foreclose an excessive force claim,
where, as here, Plaintiff asserts that he pled guilty on the
assurance of a concurrent sentence and that the part of the
altercation that led to his guilty plea had ended before he was
beaten.  As to the grievance, the alleged assault occurred in the
Bucks County Sheriff's Department, and it appears that facility
has no grievance procedures (Plaintiff asserts he was so
informed, and Defendants have not alleged such a policy exists).
Defendants have cited no case law to support an argument that

Plaintiff was required to file a grievance after he was returned to Graterford when the alleged violation neither occurred there nor was carried out by correctional officers of that institution.

Finally, Defendants argue that they are entitled to qualified immunity, arguing that Plaintiff did not suffer injury of the magnitude required to establish a constitutional violation and that, in light of Plaintiff's guilty plea, no reasonable officer could have believed he was violating a clearly established right.  As to the magnitude of the injury, Plaintiff alleges that he required medical treatment upon his return to Graterford, and that he was "shackled, cuffed and hog tied" when he was beaten, offering no resistance at that time.  Taking the facts in the light most favorable to Plaintiff, the entitlement to qualified immunity is not established.

AND NOW, this 14th  day of November 2006, upon consideration of Defendants' Motion for Summary Judgment and the response thereto, it is hereby ORDERED that the Motion is DENIED.

                                        BY THE COURT:


                                        /s/ John P. Fullam
                                        Fullam,        Sr. J.

2