**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **Jesse Baker** | : CIVIL ACTION |
| | : No. 02-5313 |
| v. | : |
| | : |
| **Sgt. Olley Wilson; Brian McKeough;** | : |
| **David Prudish; Officer Gizzi; Joe White;** | : |
| **Officer Gaithens;** and, **Bucks County** | : |
| **Sheriff's Department** | : |

<u>**DEFENDANTS' PRE-TRIAL MEMORANDUM**</u>

      Defendants, Wilson, Prudish and McKeough, submits the following Pre-Trial Memorandum to the Court pursuant to the Rules of this Court.

**I. NATURE OF THE CASE**

      On July 11, 2002, while the Plaintiff was confined to the holding cell on the first floor of the Bucks County Courthouse, was involved in an incident with several Bucks County Deputy Sheriffs. The Plaintiff was in the holding cell as a prisoner, waiting for a court appearance. While confined in one of the holding cells, alone, Plaintiff was smoking a cigarette in the holding cell. Smoking is prohibited. The holding cells are open and activity can be viewed from the outside. Deputy Sheriff David Prudish asked the Plaintiff, while the Plaintiff was confined in Cell No. 3, if he was smoking. The Plaintiff did not respond. The Plaintiff was removed from Cell No. 3 and placed in Cell No. 2. A search was conducted by Deputy Prudish of Cell No. 3 and smoking paraphernalia was found in the cell. Deputy Prudish advised Sergeant Wilson of the situation and was advised to search the Plaintiff, Jesse Baker. When Deputy Prudish announced to Plaintiff Baker that Baker was about to be searched, the Plaintiff, rather colorfully refused. Deputy Sheriff McKeough was summoned to assist Deputy Prudish in the search of the Plaintiff. When the Plaintiff refused to cooperate in the search, the Plaintiff threw a punch at Deputy McKeough who moved out of the way and the punch struck Deputy Prudish in the throat. As a result of this incident, a criminal proceeding was commenced in the Court of Common Pleas of Bucks County, Pennsylvania against the Plaintiff for the assault on Deputy Prudish.

      On December 10, 2002, the Plaintiff appeared before the Honorable Ward F. Clark, Senior Judge of the Court of Common Pleas of Bucks County, Pennsylvania at which time he pled guilty to aggravated assault upon Deputy Sheriff David Prudish and was sentenced to a term of imprisonment by Judge Clark of not less than 20 nor more than 40 months in a state correctional institution.

At the time of this incident on July 11, 2002, the Plaintiff, Jesse Baker, was a prisoner confined at the State Correctional Institution in Graterford.

It is the contention of the Plaintiff that he was subject to cruel and unusual punishment at the hands of the Deputy Sheriffs of Bucks County. It is the Plaintiff's allegation that his civil rights, guaranteed to him by the Eighth and Fourteenth Amendments of the United States Constitution, were violated by the actions and activities of the Deputy Sheriffs.

It is the contention of the Defendants in this action that they did not violate the rights of the Plaintiff. The Plaintiff was not subject to unnecessary and wanton pain and suffering. The Sheriffs Deputies are justified in using force, which they believe necessary to effect an arrest and use force which they believe are necessary to defend themselves or another from bodily harm while making the arrest.

## II. LIST OF WITNESSES FOR THE DEFENSE

The first witness for the defense would be the Plaintiff, Jesse Baker. Other witnesses would be Deputy Sheriff David Prudish and Deputy Sheriff Brian McKeough. Deputy Sheriff Prudish and Deputy Sheriff McKeough will testify about the incident in the holding cell area of the Bucks County Courthouse and what occurred.

Either or both of them would identify the exhibits referenced below. Either or both of them can identify Exhibit 1 through 6 which are identified below.

Further, witnesses would include Sergeant Olley Wilson. Sergeant Wilson will testify about his status as being a Sergeant in the Sheriff's Department and concerning the incident which took place on July 11, 2002. Sergeant Wilson can also identify the exhibits set forth below.

Furthermore, if appropriate, there would be a representative from the Office of the Clerk of Courts of Bucks County to introduce into evidence a certified copy of the Plaintiff's guilty plea to charges arising out of the incident on July 11, 2002 as contained in Bucks County Criminal Court Information No. 02-5506.

## III. EXHIBITS

Defense Exhibits 1 through 10 are as follows:

1. A color coded diagram of the first floor holding cell area of the Bucks County Courthouse.

2. The outside of the holding cells 2 and 3 – frontal view.

3. The outside of holding cells 2 and 3 – side view.

4. A view of the inside of holding cell 2 – front view.

    5.     A view of the inside of holding cell 3 – front view.

    6.     Outside of door of holding cell 8 – front view.

    7.     A copy of Plaintiff's deposition taken in the matter of *Baker v. Bucks County*, which case was indexed at No. 98-2732.

    8.     A transcript of the guilty plea before the Honorable Ward F. Clark, Judge of the Court of Common Pleas of Bucks County, Pennsylvania.

    9.     Affidavit of probable cause by the Sheriff's Office of Bucks County.

    10.    The criminal complaint for Bucks County Court of Common Pleas, criminal court sheet No. 02-5506.

## IV. PLAINTIFF'S ITEMIZED STATEMENT OF DAMAGES

None known.

## V. STATEMENT OF ANTICIPATED LEGAL ISSUES

A. Plaintiff alleges violation of his rights under the Eighth and Fourteen Amendments of the United States Constitution in that he was subject to cruel and unusual punishment in the incident in the holding cell at Bucks County Courthouse on July 11, 2002. Defendants aver that there was no violation of any of the Eighth or Fourteenth Amendments of the Plaintiff. Defendants used no more force than was necessary or appropriate to obtain or restore discipline. The use of force was neither malicious nor sadistic and was appropriate under the circumstances. See, *Whitley v. Albers*, 457 U.S. 319 (1986); *Fuentes v. Wagner*, 206 F.3d. 335 (2000); and, 18 Pa. C.S.A. § 508– Police Officer's Use of Force in the Crimes Code of the Commonwealth of Pennsylvania.

Moreover, the Defendants aver that the Plaintiff is precluded from this cause of action as he pled guilty on December 10, 2002 in Bucks County Criminal Court to aggravated assault and related offenses on the Deputy Sheriffs, which charges arise out of this incident about which the Plaintiff Complains. See, *Heck v. Humphrey*, 512 U.S. 477 (1994).

At the time of this incident, the Plaintiff was a prisoner confined to the State Correctional Institution at Graterford and was transferred to Bucks County for purposes of a court appearance. Under and pursuant to 42 U.S.C. 1997e(a), the Plaintiff is required to file a grievance with the state system through the State Correctional Institution at Graterford. Under the Prison Litigation Reform Act of 1995, as no grievance was filed by he Plaintiff, the Plaintiff is precluded from going forward with this cause of action. The Defendants are entitled to qualified immunity. In order to determine if the Defendants are entitled to qualified immunity, a two-step evaluation of the case must be made. The first step is to determine whether a constitutional violation has been made out. If so, a second inquiry is to be made. The second

inquiry is a focus upon the law. If the second inquiry is reached, it is submitted that the Sheriffs Deputies, in light of the circumstances of this incident, would not have determined under any circumstance that their actions were prohibited by the Constitution.

## VI.  STIPULATION OF COUNSEL

None.

## VII.  ESTIMATED LENGTH OF TRIAL

Three to four days.

                                  **Begley, Carlin & Mandio, LLP**

By:_____
    **James A. Downey, III, Esquire** (JD1278)
    Attorney I.D. #17533
    680 Middletown Boulevard
    P.O. Box 308
    Langhorne, PA 19047
    (215) 750-0110
    *Attorney for Defendants*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **Jesse Baker** | : CIVIL ACTION |
| | : No. 02-5313 |
| v. | : |
| | : |
| **Sgt. Olley Wilson; Brian McKeough;** | : |
| **David Prudish; Officer Gizzi; Joe White;** | : |
| **Officer Gaithens;** and, **Bucks County** | : |
| **Sheriff's Department** | : |

## CERTIFICATION OF SERVICE

    I, James A. Downey, III, Esquire, do verify and say that I did, on the date signed below, send a true and correct copy of Defendants' Pre-Trial Memorandum to Plaintiff at the address set forth below, via First Class Mail, postage prepaid:

                      Jesse Baker
                      (*Pro Se Plaintiff*)
                      DM4902
                      SCI Smithfield
                      1120 Pike Street
                      Huntingdon, PA 16652

                      **Begley, Carlin & Mandio, LLP**

                      By:_____
                      **James A. Downey, III, Esquire (JD1278)**
                      Attorney I.D. #17533
                      680 Middletown Boulevard
                      P.O. Box 308
                      Langhorne, PA 19047
                      (215) 750-0110
                      *Attorney for Defendants*

Date:_____